IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES ARTHUR BIGGINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-724-GMS |
| | ) | |
| PERRY PHELPS, | ) | |
| Warden, and ATTORNEY GENERAL | ) | |
| OF THE STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM**

## I. BACKGROUND

Pending before the court is James Arthur Biggins' motion for judgment of relief from the

Delaware Supreme Court's denial of a writ of certiorari. (D.I. 1.) The court construes the

motion to be Biggins' fifth application for federal habeas relief filed pursuant to 28 U.S.C. §

2254.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or

successive habeas petition "in a district court without the permission of a court of appeals, the

district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant

to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas

application is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a

prior application has been decided on the merits, the prior and new applications challenge the

same conviction, and the new application asserts a claim that could have been raised in a prior

habeas application. *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325

F.3d 166, 169-73 (3d Cir. 2003).

Although titled a "motion for judgment of relief" from the Delaware Supreme Court's denial of his petition for writ of certiorari, Biggins' argument regarding the Interstate Agreement on Detainers actually constitutes a challenge to his 1997 conviction. Biggins has already requested, and has been denied, habeas relief with respect to the same underlying conviction on four prior occasions. *See Biggins v. Carroll*, Civ. A. No. 99-188-GMS, Mem. Order (D. Del. Sept. 23, 2002); *Biggins v. Carroll*, Civ. A. No. 03-273-GMS, Mem. Order (D. Del. Apr. 9, 2003); *Biggins v. Phelps et. al.*, Civ. A. No. 09-741-GMS, Order (D. Del. Mar. 3, 2010); *Biggins v. Phelps*, Civ. A. No. 10-292-GMS, Order (D. Del. Apr. 20, 2010). The record reveals that Biggins has not obtained permission from the Third Circuit Court of Appeals to file the instant habeas request. Accordingly, the court will dismiss the instant motion as a second or successive habeas petition. *See* 28 U.S.C. § 2244(b)(1); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."). The court will also decline to issue a certificate of appealability because Biggins has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2008); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

## IV. CONCLUSION

For the aforementioned reasons, the court will deny Biggins' motion for judgment of relief because it constitutes a second or successive habeas petition under 28 U.S.C. § 2244. A

2

separate Order will be entered.


_Sept 18, 2010_
DATE


CHIEF, UNITED STATES DISTRICT JUDGE